⊠AO 245C  (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 1

(NOTE:  Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

District of _____

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>NOUREDDINE CHTAINI | **AMENDED JUDGMENT IN A CRIMINAL CASE**  ~~FILED~~<br><br>Case Number:  J 05-091-01   **AUG 2 5 2009**<br>USM Number: 27103-016<br>Bernard Grimm   ~~NANCY MAYER WHITTINGTON, CLERK~~<br>_Defendant's Attorney_   **U.S. DISTRICT COURT** |

**Date of Original Judgment:** _____
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☑ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Remand pursuant to United States v. Booker, 125 S.Ct. 738 (2005)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant    ☐ 28 U.S.C. § 2255 or
   ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    1, 2, and 3 in 03-506-01 and 1 and 2 in 05-091-01

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1962(d) and 1963(a) | Conspiracy to Participate in Racketeering Influenced Corrupt Organization | 7/31/2004 | 1 |
| 18 USC 924(c)(1)(A)(ii) | Using and Carrying a Firearm During a Crime of Violence | 7/31/2004 | 2 |

The defendant is sentenced as provided in pages 2 through ___12___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/20/2009
Date of Imposition of Judgment

_Signature of Judge_

Colleen Kollar-Kotelly        U.S. District Judge
_Name of Judge_                _Title of Judge_

8/25/09
_Date_

(2)

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
          Sheet 1A

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __2__ of __12__

DEFENDANT: NOUREDDINE CHTAINI
CASE NUMBER:            05-091-01

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| and (B)(i) | | | |
| 18 USC 922(g)(1) | Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year | 7/31/2004 | 3 |
| 18 USC 2119 and 2 | Carjacking  and Aiding and Abetting | 11/30/2003 | 1and 2 |

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case          (NOTE: Identify Changes with Asterisks (*))
           Sheet 2 — Imprisonment

Judgment — Page __3__ of __12__

DEFENDANT:  NOUREDDINE CHTAINI
CASE NUMBER:              05-091-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

Count 1 (CR-03-506-01): 61 months; Count 3 (CR-03-506-01): 61 months; Counts 1 and 2 (CR-05-091): 61 months to run concurrent to each other.  Count 2 (CR-03-506-01): 60 months to run consecutively to all other Counts.  Credit for time served.

☑  The court makes the following recommendations to the Bureau of Prisons:

That the defendant participate in the 500 Hours Drug Treatment Program at the Bureau of Prisons.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____  ☐ a.m ☐ p.m.   on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
DEPUTY UNITED STATES MARSHAL

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
        Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page **4** of **12**

DEFENDANT: NOUREDDINE CHTAINI
CASE NUMBER:        05-091-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

Count 1 and 2 (CR-03-506-01); 5 years; Count 3 (CR-03-506-01) & Counts 1 and 2 (CR-05-91-01): 3 years.  The terms of supervised release shall be served concurrently.

       The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

       If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

       The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
          Sheet 3C — Supervised Release

| | | Judgment—Page | 5 | of | 12 |
|---|---|---|---|---|---|

DEFENDANT: NOUREDDINE CHTAINI
CASE NUMBER:        05-091-01

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the collection and use of DNA identification information while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office, pursuant to 42 U.S.C. section 14135a, for all felony offenses.

2. The defendant shall pay the balance of any restitution owed at a rate of no less than $100 each month and provide verification of same to the Probation Office.

3. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the Probation Office.

4. The defendant shall provide the Probation Office with his income tax returns, authorization or release of credit information and any other business or financial information in which he has a control interest.

5. The defendant shall not possess, have under his control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

6. The defendant shall participate in, and successfully complete, a residential and/or out-patient substance abuse treatment program, which may include drug testing and detoxification service, as approved and directed by the Probation Office.

The Probation Office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court.  Treatment agencies shall return the presentence report to the Probation Office upon the defendant's completion or termination from treatment.

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
       Sheet 5 — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page   6   of   12

DEFENDANT:  NOUREDDINE CHTAINI
CASE NUMBER:          05-091-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | Assessment | Fine | Restitution |
|---------|-----------|------|-------------|
| TOTALS  | $ 500.00  | $ 0.00 | $ 361,000.00 |

☐☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be
    entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise
in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid
before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| Bank of America | $144,000.00 | $144,000.00 | |
| Riggs Bank (now "PNC") | $92,000.00 | $92,000.00 | |
| Chevy Chase Bank | $55,800.00 | $55,800.00 | |
| Industrial Bank | $30,000.00 | $30,000.00 | |
| SunTrust Bank | $23,000.00 | $23,000.00 | |
| | | | |
| | | | |
| | | | |
| TOTALS | $ | $ | |

☑ Restitution amount ordered pursuant to plea agreement  $ 361,000.00

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the
    fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject
    to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☑ the interest requirement is waived for  ☐ fine  ☑ restitution.

    ☐ the interest requirement for  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or
after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 5A — Criminal Monetary Penalties

| | Judgment—Page | 7 | of | 12 |

DEFENDANT:  NOUREDDINE CHTAINI
CASE NUMBER:           05-091-01

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The total amount of restitution is jointly and severally liable with: Miguel Morrow, CR-04-355-01; Lionel Stoddard, CR-04-355-02; Carlos Aguiar, CR-04-355-03; Omar Holmes, CR-04-355-04 and 05-091-02; Bryan Burwell, CR-04-355-05; Aaron Perkins, CR-04-355-06; Guidel Olivares, CR-04-355-07; Malvin Palmer, CR-04-355-08.

Bank of America                    $144,000
100 S. Charles Street
Fourth Floor
Baltimore, Marylnad 21201
Attn.: Bonnie Sobolewski
(410) 547-4659

Riggs Bank (now "PNC")             $92,000
800 17th Street, NW
10th Floor
Washington, DC 20003
Attn.: James Shaffer, Jr.
(202) 835-5356

Chevy Chase Bank                   $55,800
14601 Sweitzer Lane
Laure, Maryland 20708
Attn.: Rick Slaughter
(301) 939-6649

Industrial Bank                    $30,000
4812 Georgia Avenue, NW
Washington, DC 20011
Attn.: Claude Barrington
(202) 722-2000 (Ext. 3023)

SunTrust Bank                      $23,000
14401 Sweitzer Lane
Laurel, Maryland 20708
Attn.: Bob Tapscott
(301) 497-3358

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page   **8**   of   **12**

DEFENDANT: NOUREDDINE CHTAINI
CASE NUMBER:          J 05-091-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   ☐   Lump sum payment of $ ___500.00___   due immediately, balance due

    ☐   not later than _____ , or
    ☐   in accordance with ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☑   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☑ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☑   Special instructions regarding the payment of criminal monetary penalties:

    Defendant shall pay restitution at a rate of no less than $100 each month and provide verification of same to the Probation Office. The defendant shall notify the Clerk of the Court for the U.S. District Court, District of Columbia, within 30 days of any change of address (mailing or residence), until such time as the financial obligation is paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.
    Miguel Morrow, CR-04-355-01; Lionel Stoddard, CR-04-355-02; Carlos Aguiar, CR-04-355-03; Omar Holmes, CR-04-355-04 and 05-091-02; Bryan Burwell, CR-04-355-05; Aaron Perkins, CR-04-355-06; Guidel Olivares, CR-04-355-07; Malvin Palmer, CR-04-355-08.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.